IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDERICO DE JESUS ESTACIO,           Civ. No. 06-6226-AS

         Petitioner,           FINDINGS & RECOMMENDATION

     v.

JEAN HILL,

         Respondent.

     ANTHONY D. BORNSTEIN
     Assistant Federal Public Defender
     101 SW Main Street
     Suite 1700
     Portland, OR 97204

         Attorney for Petitioner

     HARDY MYERS
     Attorney General
     LESTER R. HUNTSINGER
     Senior Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, OR 97301

         Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's request for an evidentiary hearing should be DENIED, the Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

*Background*

In the fall of 2001, a Multnomah County Grand Jury indicted Petitioner on two counts of Robbery in the Second Degree and one count of Robbery in the Third Degree. The charges stemmed from two incidents which occurred on August 9, 2001. Petitioner pleaded not guilty, and in October 2001 the trial court appointed counsel.

Petitioner's appointed counsel requested a hearing to determine her client's competency. At that hearing, Petitioner asked for a new attorney. Petitioner explained he did not believe his attorney was looking out for his best interests and that her caseload was too heavy. After hearing from counsel, the judge denied Petitioner's motion, stating: "your attorney has done everything and more than the court would expect at this point. She has been working very hard on your behalf. The motion is denied." *State v. Estacio*, 208 Or. App. 107, 110, 144 P.3d 1016 (2006) (quoting *State v. Estacio*, 199 Or. App. 16, 18-19, 110 P.3d 624 (2005)).

Petitioner's case was set for trial, to begin on March 29, 2008. That morning, the trial judge (who was different from the competency hearing judge) heard further pretrial motions. Petitioner reiterated his displeasure with appointed counsel, again complaining that she was not "looking out for my best interests." Petitioner also complained about receiving last minute discovery, and not

having sufficient time to review the information. He then informed the trial judge that he had filed a bar complaint against his attorney, but that no response had been received.

Petitioner's attorney told the trial judge she had no knowledge of the bar complaint. She wondered, however, whether it created an actual conflict of interest because it might be necessary to divulge client secrets or confidences in order to defend the complaint. Counsel also informed the trial judge she was "baffled" by Petitioner's statement he did not know what was going on, since she had been in constant contact with Petitioner and they had been discussing the police reports and evidence since her appointment in October 2001. The prosecuting attorney confirmed no additional discovery was provided to counsel after a March 20, 2002, settlement conference and, when asked by the trial judge, Petitioner did not dispute that his attorney shared all the information with him at that time. Following an extended colloquy with Petitioner, appointed counsel, and the prosecutor, the trial judge found no actual conflict of interest and denied Petitioner's motion for substitution of counsel.

After a break in the pre-trial motions, Petitioner's attorney formally moved to withdraw based on the bar complaint, though she again indicated she had no information about the contents of the complaint. She told the trial judge she was "ready, willing, and able to try this case" and that the existence of the bar complaint would not affect her performance. The trial judge denied the motion in the absence of additional specifics about the complaint, and the jury trial proceeded.

The jury convicted Petitioner on all three charges. The trial judge sentenced Petitioner to two consecutive 70-month prison terms for the Robbery in the Second Degree convictions, and merged the Robbery in the Third Degree count for the purposes of sentencing.

On direct appeal, the Oregon Court of Appeals vacated the convictions and remanded the case for an inquiry into the reasons for counsel's request to withdraw. *State v. Estacio*, 199 Or. App. 16, 110 P.3d 624 (2005). The Oregon State Supreme Court granted review, reversed the Oregon Court of Appeal's decision, and remanded the case to the Court of Appeals for reconsideration in light of *State v. Smith*, 339 Or. 515, 123 P.3d 261 (2005), a recent Oregon Supreme Court decision. *State v. Estacio*, 340 Or. 106, 129 P.3d 184 (2006), *cert. denied*, 127 S.Ct. 82 (2006).

On remand, the Oregon Court of Appeals examined the underlying record at length. The court concluded Petitioner's "unspecified Bar complaint failed to demonstrate an actual conflict of interest as distinguished from a theoretical one and therefore his complaint did not require the trial court to make further inquiry or to grant [Petitioner's] motion." *State v. Estacio*, 208 Or. App. 107, 120, 144 P.3d 1016 (2006) (citing *Mickens v. Taylor*, 535 U.S. 162, 172 (2002); *Wood v. Georgia*, 450 U.S. 261, 271-74 (1981); *State v. Smith*, 339 Or. at 515). The Oregon Supreme court denied review of this decision. *State v. Estacio*, 342 Or. 117, 149 P.3d 139 (2006). Petitioner did not seek state post-conviction relief.

On September 18, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Petitioner alleged several grounds for relief. However, in his Memorandum of Law in Support of Petition for Writ of Habeas Corpus ("Memorandum"), Petitioner addressed only one claim: that he was denied his Sixth Amendment right to counsel when the state judges denied his requests for substitution of counsel. In the alternative, Petitioner seeks an evidentiary hearing on the issue of the conflict between Petitioner and his state trial counsel.

Respondent argues the claims alleged in the Petition but not addressed in Petitioner's Memorandum should be denied as not traversed. Respondent further argues that the state court decision denying relief on the conflict of interest claim is entitled to deference, and that the claim lacks merit.

*Discussion*

I.     Attorney Conflict of Interest

    A.     Legal Standards

This Court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court, and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006). In conducting its review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003), *cert. denied,* 541 U.S. 1037 (2004).

        1.     Section 2254(d)(1)

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the "unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the

first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)), *cert. denied*, 540 U.S. 968 (2003).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting *Clark*, 331 F.3d at 1067). Under the "'unreasonable application clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

    2.    <u>Section 2254(d)(2)</u>

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it

determines that the state court was not merely wrong, but actually unreasonable"), *cert. denied,* 534 U.S. 1038 (2004). Section 2254(d)(2) "applies most readily to situations where a petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, . . . that the process employed by the state court is defective, . . . or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citations omitted).

In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues . . . . [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000). Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e.*, evidence presented for the first time in federal court."[1] *Taylor*, 366 F.2d at 1000.

---

[1] Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error. . . . Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once" it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

B.     Analysis

Generally, Sixth Amendment ineffective assistance of counsel claims require the Petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). When, however, assistance of counsel has been denied entirely or during a critical stage of the proceedings, the likelihood that the verdict was affected is high and, therefore, prejudice is presumed and need not be demonstrated. *Mickens v. Taylor*, 535 U.S. at 166; *United States v. Cronic*, 466 U.S. 648, 658-59 (1984). "Circumstances of such magnitude may 'arise when the defendant's attorney actively represented conflicting interests.'" *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) (quoting *Mickens*, 535 U.S. at 166), *cert. denied*, 126 S.Ct. 2295 (2006).     Under *Mickens*, an "actual conflict" is not "something separate and apart from an adverse effect." *Mickens*, 535 U.S. at 172 n.5. Rather, "[a]n 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Id*. Moreover, as the Ninth Circuit described it, "[t]he *Mickens* Court specifically and explicitly concluded" that prior jurisprudence concerning attorney conflicts were "limited to joint representation," and any extension outside the joint representation context "remained, 'as far as the jurisprudence of [the Supreme Court was] concerned, an open question.'" *Earp*, 431 F.3d at 1184 (quoting *Mickens*, 535 U.S. at 176).

Petitioner argues an actual conflict of interest occurred because he filed a complaint against counsel with the Oregon State Bar prior to trial. To date, however, the United States Supreme Court has not extended *Mickens*' actual conflict jurisprudence to include such a situation, which the

Oregon Court of Appeals recognized in the written opinion denying relief on appeal.[2] As such, no "actual conflict" supporting a presumption of prejudice occurred in Petitioner's case.

Because no "actual conflict" was present, Petitioner must demonstrate prejudice in order to justify habeas relief. *Hindman v. Lampert*, — F.Supp.3d —, 2007 WL 1053255 *6 (D. Or., April 6, 2007) (citing *Strickland*, 466 U.S. at 687). Petitioner presented no evidence in state court that the fact he filed an unspecified bar complaint against his attorney resulted in prejudice.[3] Accordingly, the state appellate court's denial of relief on this claim was neither contrary to, nor an unreasonable application of clearly established federal law as determined by United State Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief.

II.     Request for Evidentiary Hearing

   A.     Legal Standards

As noted, Petitioner requests an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2) to develop facts on the issue of the conflict with his state trial counsel. The statute provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -

---

[2] To the extent Petitioner argues he is entitled to relief under *United States v. Gonzalez*, 113 F.3d 1026 (9th Cir. 1997), his reliance is misplaced. Following *Mickens*, the Ninth Circuit explicitly recognized that prior Circuit cases erred in extending "actual conflict" jurisprudence beyond the joint representation context. *Earp v. Ornoski*, 431 F.3d 1158, 1184-85 (9th Cir. 2005). *Gonzalez* is not "clearly established law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

[3] Indeed, Petitioner never raised an ineffective assistance of counsel claim in state court, as he never sought state post-conviction relief.

9 - FINDINGS AND RECOMMENDATION -

> (A) the claim relies on - (I) a new constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (ii) a factual dispute that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional errors, no reasonable factfinder would have found applicant guilty of the underlying offense.

28 U.S.C. §§ 2254(e)(2)(A)-(B).

In deciding whether to grant an evidentiary hearing, the court must consider whether such a hearing could enable a petitioner to prove his factual allegations which, if true, would entitle him to federal habeas corpus relief. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007). Since the deferential standards prescribed in § 2254 control whether to grant habeas relief, the court must consider those standards in deciding whether an evidentiary hearing is appropriate. *Id.* (citing *Mayes v. Gibson*, 210 F.3d 1284, 1287-88 (10th Cir.), *cert. denied*, 531 U.S. 1020 (2000)). If the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, no evidentiary hearing is required. "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998).

### B.  Analysis

As noted, this court concludes the state court record precludes Petitioner from receiving habeas relief on his attorney-conflict claim for relief. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## III.  Remaining Claims for Relief

Finally, Petitioner does not provide argument to support the remaining claims alleged in his Petition for Writ of Habeas Corpus. Nor does Petitioner attempt to refute Respondent's arguments

that these claims do not entitle him to habeas corpus relief. The Court has nevertheless reviewed Petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent the judge finds from the evidence that they are not true").

### *Recommendations*

For these reasons, the Petition for Writ of Habeas Corpus and Petitioner's request for an evidentiary hearing should be DENIED, and a judgment of dismissal should be entered.

### *Scheduling Order*

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 19, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 8th day of May, 2008.

                                                         s/ John V. Acosta
                                                           John V. Acosta
                                                      United States Magistrate Judge